```
☒ FILED        ___ LODGED
___ RECEIVED   ___ COPY

    MAR 2 1 2011

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | ) MDL DOCKET NO. 09-2119-JAT |
| ——————————————————— | ) **ORDER** |
| This Order Applies to: | ) |
| CV 10-699-PHX-JAT | ) |
| CV 10-702-PHX-JAT | ) |
| CV 10-703-PHX-JAT | ) |
| CV 10-704-PHX-JAT | ) |
| CV 10-705-PHX-JAT | ) |
| CV 10-706-PHX-JAT | ) |
| CV 10-707-PHX-JAT | ) |
| ——————————————————— | ) |

        This Order addresses the seven above-captioned cases[1] that were transferred by the

MDL Conditional Transfer Order (CTO-3) and Simultaneous Separation and Remand of

Certain Claims (Doc. 218).  In the transfer order, the Judicial Panel on Multidistrict

Litigation ("Panel") stated, "All claims in these actions that are unrelated to the formation

———————————————

        [1] Listed below are the first plaintiff's name and the original jurisdiction case numbers
for the cases addressed herein:

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Labasan* | CV 10-699-PHX-JAT | 2:09-2315 (D. Nev.) |
| *Mausert* | CV 10-702-PHX-JAT | 3:09-233 (D. Nev.) |
| *Riehm* | CV 10-703-PHX-JAT | 3:10-4 (D. Nev.) |
| *Roberts* | CV 10-704-PHX-JAT | 3:10-25 (D. Nev.) |
| *Mikulaco* | CV 10-705-PHX-JAT | 3:10-41 (D. Nev.) |
| *Tyler* | CV 10-706-PHX-JAT | 3:10-42 (D. Nev.) |
| *Gutierrez* | CV 10-707-PHX-JAT | 3:10-54 (D. Nev.) |

1  and/or operation of the MERS system are separated and simultaneously remanded, under 20

2  USC 1407, to the District of Nevada." *Id.*  Mortgage Electronic Registration Systems, Inc.

3  and MERSCORP, Inc. (collectively, "MERS" or "Moving Defendants") and various other

4  parties have set forth which claims, if any, in each of the various cases relate to the formation

5  and/or operation of MERS.[2]

6  **I. General Interpretation of the Transfer Order**

7         In the initial transfer order, the Panel transferred to this Court all allegations within

8  these actions that "the various participants in MERS formed a conspiracy to commit fraud

9  and/or that security instruments are unenforceable or foreclosures are inappropriate due to

10  MERS's presence as a party" or that otherwise concern the "formation and operation" of

11  MERS. (Doc. 1.)  However, the Panel simultaneously remanded unrelated claims to their

12  transferor courts, finding that "plaintiffs' claims relating to loan origination and collection

13  practices do not share sufficient questions of fact with claims regarding the formation and

14  operation" of MERS and their inclusion "would needlessly entangle the litigation in

15  unrelated, fact-intensive issues." *Id.*  This remand also applies to the tag-along actions

16  discussed in this order.

17         Accordingly, this Court will not retain claims that, although naming MERS as a

18  defendant, allege conduct primarily related to loan origination and collection practices, or

19  otherwise stray from the common factual core of the MDL.  Only causes of action that in

20  essence turn on the formation or operation of MERS, no matter how framed, have been

21  transferred to the undersigned.

22

23

24         [2] The parties have fully briefed this issue pursuant to the Court's Order on Practices

25  and Procedures (Doc. 238).  Although the parties sought "remand" of certain claims to the
   transferor court, under Section 1407(a), remands to a transferor court can only be effected

26  by the Judicial Panel on Multidistrict Litigation.  28 U.S.C. § 1407; *see also* R.P.J.P.M.L.
   7.6.  The Court, thus, stresses that this order is solely a determination of which claims are

27  pending before this Court and which claims remain in their respective transferor courts,

28  pursuant to the Panel's transfer orders.

1   Moving Defendants filed a Motion to Remand Claims. (Doc. 397.) Two responses
2   were filed. Defendants Bank of America Corporation, Bank of America Corporation, N.A.,
3   Bank of America, Countrywide Home Loans, Inc., Countrywide Financial Corporation,
4   Countrywide Mortgage Ventures, LLC d/b/a MCH Mortgage, ReconTrust Company, N.A.,
5   ReconTrust Company, First Horizon Home Loan Corporation, and Wells Fargo Bank, N.A.
6   d/b/a America's Servicing Company (collectively, "Responding Defendants") disagree as to
7   several types of claims in all seven cases. (Doc. 428.) Plaintiffs Rowan Riehm and Kylee
8   Riehm disagree as to five claims in their case. (Doc. 421.) MERS replied. (Doc. 485.)

9   **II. Claims on Which the Parties Do Not Agree**

10   Within these "tag-along" actions there are several types of claims over which the
11   parties disagree. Where the parties agree as to the proper determination of a claim, the Court
12   adopts the parties' determination unless otherwise noted.

13   **A. Fraud in the Inducement**

14   The parties disagree about the status of claims for fraud in the inducement in *Riehm*,
15   *Roberts*, *Mikulaco*, *Tyler*, and *Gutierrez*. Moving Defendants argue that all of these claims
16   have been transferred to the MDL. Responding Defendants argue that these claims have
17   been split with part of each claim transferred to the MDL and part of each claim remanded
18   to the respective transferor court. Plaintiffs Riehm argue that their claim was remanded in
19   its entirety.

20   Each of these claims contains the allegation that defendants "failed to disclose the
21   material terms of the loans" and other allegations relating to the loan origination process.[3]
22   But these claims also allege that defendants failed to disclose that they "had no lawful right
23   to foreclose upon" the properties and that "[the plaintiffs'] obligations on the notes had been
24   discharged." These allegations relate to the operation of MERS.[4]

25
26   _____

27   [3] *See, e.g.*, CV 10-704-PHX-JAT (*Roberts*), Doc. 1-1, ¶¶ 128-29.

28   [4] *Id.*

- 3 -

1    While either the MERS-related misrepresentations or the non-MERS-related

2    misrepresentations could each be logically sufficient to establish liability, it may be that only

3    all of the misrepresentations together were sufficient to induce the plaintiffs to enter the

4    contract. Thus, these claims cannot be split and—as at least some of the allegations relate

5    to the operation and formation of MERS—these claims have been transferred in their entirety

6    to the MDL.

7    **B. Unfair Lending Practices**

8    The parties disagree about the status of claims for fraud in the inducement in *Roberts*,

9    *Mikulaco*, *Tyler*, and *Gutierrez*. Moving Defendants argue that all of these claims have been

10   transferred to the MDL. Responding Defendants argue that these claims have been split with

11   part of each claim transferred to the MDL and part of each claim remanded to the respective

12   transferor court.

13   Each of these claims contains the allegation that MERS "held itself out as an entity

14   that would not take a beneficial interest in the transaction but would be posing as a

15   'nominee,'" and that the defendants failed to inform the plaintiffs that MERS was not the

16   proper beneficiary.[5] These allegations relate to the operation of MERS. But the claims also

17   allege that Defendants "utilized [lending] guidelines . . . contrary to those set forth in" the

18   Unfair Lending Practice Act, made loans "based upon stated income with no verification of

19   the Plaintiff's ability to repay," and made loans "based solely upon the equity of the borrower

20   in the home property and without determining that Plaintiff had the ability to repay the home

21   loan from other assets," claims unrelated to the operation of MERS.[6]

22   Thus, it would be feasible for either a pair of non-MERS-related violations to support

23   a racketeering claim or a pair of MERS-related violations to support a racketeering claim.

24   Therefore, these racketeering claims should be considered by both this Court and the

25   transferor court. Accordingly, these claims have been bifurcated.

26   ——————————————

27   [5] *Id.*, ¶ 47.

28   [6] *Id.*, ¶ 48.

- 4 -

**C. Conspiracy to Commit Fraud and Conversion**

The parties disagree about the status of claims for "conspiracy to commit fraud and conversion" in *Roberts*, *Mikulaco*, *Tyler*, and *Gutierrez*. Moving Defendants argue that all of these claims have been transferred to the MDL. Responding Defendants argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court.

These claims allege that defendants conspired to defraud plaintiffs "by participating in [MERS]... Defendants formed an association to conspire to deprive Plaintiff of their property through fraud and misrepresentation..."[7] This allegation relates to the formation and operation of MERS and, thus, the Court finds that this claim has been transferred.

**D. Fraud Through Omission**

The Parties disagree about the status of claims for fraud through omission in *Mausert*, *Roberts*, *Mickulaco*, *Tyler* and *Guttierez*. Moving Defendants argue that these claims have been transferred to the MDL, while Responding Defendants argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court.

Each of these claims contains the allegation that defendants failed to disclose their "predatory, unethical and unsound lending and foreclosure practices" and the "predatory... practices of other major lenders, of which Defendants were aware per the MERS system."[8] Thus, these claims involve both MERS-related omissions and non-MERS-related omissions which could serve as the basis for a finding of fraud. However, just as with the fraud in the inducement claims above, the fraud through omission claims cannot be severed. Therefore, these claims have been transferred in their entirety to the MDL.

---

[7] *Id.*, ¶ 51.

[8] *Id.*, ¶ 94.

**E. Contractual Breach of Duty of Good Faith and Fair Dealing and Tortious Breach of the Implied Duty of Good Faith and Fair Dealing**

The parties disagree on these two types of claims in *Mausert*, *Roberts*, *Mickulaco*, *Tyler* and *Guttierez*.  Moving Defendants argue that these claims have been transferred in full.  Responding Defendants argue that these claims have been severed with part transferred and part remanded.

Plaintiffs allege that defendants' participation in MERS created a duty of good faith and fair dealing which was breached in the loan origination process.[9]  Thus, even though these claims involve loan origination, they raise questions of fact sufficiently related to operation of MERS.  Thus, these claims have been transferred in their entirety to the MDL.

**F. Civil Conspiracy**

Plaintiffs assert claims for civil conspiracy in *Mausert*, *Roberts*, *Mickulaco*, *Tyler* and *Guttierez*.  Plaintiffs in *Labasan* assert a claim for unjust enrichment and civil conspiracy. These claims allege vaguely that defendants have "entered into a conspiracy with other members of MERS" and continue to illegally "eject Nevadans" from their homes.[10] Responding Defendants argue that because these alleged underlying violations include claims that have been retained and claims that have been remanded, this conspiracy claim must also have been split.  Moving Defendants  argue that all of the allegations are fused with the alleged MERS conspiracy and have thus been transferred to the MDL.

The Court finds that these claims are cumulative of all other claims in their respective complaints.  Thus, it would be feasible for either a pair of non-MERS-related violations to support a conspiracy claim or a pair of MERS-related violations to support a conspiracy claim.  Therefore, these civil conspiracy claims should be considered by both this Court and the transferor court.  Accordingly, these claims have been bifurcated.

---

[9] *Id.*, ¶ 103.

[10] *Id.*, ¶ 110.

### G. Racketeering

Plaintiffs assert claims for racketeering activity under Nevada law in *Mausert*, *Roberts*, *Mickulaco*, *Tyler* and *Guttierez*. These claims allege vaguely that defendants have "engaged in racketeering" via the "predatory and abusive lending practices described herein."[11]   Responding Defendants argue that because these alleged underlying lending practices have been bifurcated, with some retained and some remanded, this racketeering claim must also have been split.  Moving Defendants argue that because these claims are unclear as to which practices actually constitute the racketeering claim, they have been transferred to the MDL in its entirety.

The Court finds that these claims incorporate each and every other claim in their respective complaints.  Thus, it would be feasible for either a pair of non-MERS-related violations to support a racketeering claim or a pair of MERS-related violations to support a racketeering claim.  Therefore, these racketeering claims should be considered by both this Court and the transferor court.  Accordingly, these claims have been bifurcated.

### H. Other Claims in *Riehm*

The Plaintiffs in Riehm argue that their claims for wrongful foreclosure, quiet title, unjust enrichment, and declaratory relief were remanded.  Moving Defendants contend that the wrongful foreclosure and quiet title claims were transferred in their entirety and the unjust enrichment and declaratory relief claims were split.  The Court agrees with Moving Defendants as to the characterization of all four claims.

## II. Claims on Which the Parties Agree

The Court will adopt the recommendations of the parties on all claims where they are in agreement with one exception.  The claims for unjust enrichment in *Roberts*, *Mikulaco*, *Tyler*, and *Gutierrez* will be bifurcated in accordance with the treatment of identical claims in other member cases.

---

[11] *Id.*, ¶ 114.

- 7 -

1    Accordingly,

2    **IT IS ORDERED** that the Motion to Remand Certain Claims (Doc. 397) is granted

3    as follows:

4            With respect to *Labasan* claims 1, 2, 7 and 8 and part of claim 6 remain with the

5    undersigned as part of the MDL and part of claims 3-5 have been remanded to their

6    respective transferor courts. MERS shall file a copy of this Order with each transferor court

7    within the next two business days.

8            With respect to *Mausert* claims 1-4 and 8 and part of claims 5-7 and 9 remain

9    with the undersigned as part of the MDL and part of claims 5-7 and 9 have been remanded

10   to their respective transferor courts.  MERS shall file a copy of this Order with each

11   transferor court within the next two business days.

12           With respect to *Riehm* claims 1-4, part of claim 5, and part of claim 6 (i.e.,

13   injunctive relief, declaratory relief, and quiet title) remain with the undersigned as part of the

14   MDL and claim 7, part of claim 5, and parts of claim 6 (i.e., injunctive relief, declaratory

15   relief, and reformation) have been remanded to their respective transferor courts.  MERS

16   shall file a copy of this Order with each transferor court within the next two business days.

17           With respect to *Roberts, Mikulaco, Tyler,* and *Gutierrez* claims 2, 5-9, 13 and 14

18   and part of claims 1, 3, 4, 10, 11 and 12 remain with the undersigned as part of the MDL and

19   part of claims 1, 3, 4, 10, 11 and 12 have been remanded to their respective transferor courts.

20   MERS shall file a copy of this Order with each transferor court within the next two business

21   days.

22   **IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this

23   Order in each member case listed on page 1.

24   **IT IS FURTHER ORDERED** that with respect to any claims that are staying with

25   this Court, Plaintiffs' Lead Counsel shall file a proposed consolidated amended complaint

26   together with the various plaintiffs whose actions are currently joined to this MDL and

27   Defendants need not answer or otherwise respond until such a consolidated amended

28   complaint is deemed filed; with respect to any claims that have been remanded to the

- 8 -

1   transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen

2   days of this Order, unless any order of the transferor court is inconsistent with this Order, in

3   which case, the order of the transferor court shall control.

4       **IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all

5   documents related to a case bifurcated herein into the record of the transferor court in that

6   particular case. (Because this Court will not transfer the entire MDL file and docket to any

7   individual transferor court, this will insure the Judge in the transferor court has a complete

8   record for that specific case).

9       DATED this 21st day of March, 2011.

James A. Teilborg
United States District Judge

I hereby attest and certify on __3·21·11__
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By_____ Deputy

- 9 -