1

2

3

4            **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF NEVADA**
5                    **RENO, NEVADA**

6

7
CYNTHIA F. ROBERTS,                     )    3:10-cv-00025-ECR-VPC
8                                       )
       Plaintiff,                       )    **Order**
9                                       )
vs.                                     )
10                                      )
FIRST HORIZON HOME LOAN                 )
11 CORPORATION; LANDAMERICA ONESTOP,    )
INC.; METLIFE HOME LOANS, a             )
12 division of METLIFE BANK, N.A.;      )
COUNTRYWIDE HOME LOANS, INC., a         )
13 New York corporation; BANK OF        )
AMERICA CORPORATION, N.A.; JOHN         )
14 ROUSSEL, individually; MERSCORP,     )
INC., a Virginia corporation;          )
15 MORTGAGE ELECTRONIC REGISTRATION     )
SYSTEMS, INC., a subsidiary of          )
16 MERSCORP, INC., a Delaware           )
corporation; and DOES 1-25             )
17 CORPORATIONS; DOES and ROES 1-25     )
individuals, [Partnerships, or         )
18 anyone claiming any interest to      )
the property,                           )
19                                      )
       Defendants.                      )
20                                      )
                                        )
21

22      Plaintiff is a homeowner who alleges that she is the victim of

23 a predatory lending scheme perpetrated by Defendants.  Now pending

24 are Plaintiff's Motion to Certify State Law Question to the Nevada

25 Supreme Court (#53); a Motion to Dismiss (#54) filed by Defendant

26 MetLife Bank, N.A. ("MetLife"); a Motion to Dismiss (#55) filed by

27 Defendants Bank of America, N.A. ("Bank of America"), Countrywide

28 Home Loans, Inc. ("Countrywide"), First Horizon Home Loan

1  Corporation ("First Horizon"), and John Roussel; and Plaintiff's

2  Motion for Leave to File Amended Complaint (#66).

3                          **I. Background**

4      On or about November 30, 2005, Plaintiff Cynthia F. Roberts

5  purchased the property located at 596 Ranch Road, Fernley, Nevada

6  89408 with a first and second loan from Defendant First Horizon.

7  (Compl. ¶ 28 (#1 Ex. A).)  Plaintiff refinanced the second loan with

8  a new loan and second deed of trust from Countrywide on February 23,

9  2007.  (Id. ¶ 24.)  On June 30, 2009, Defendant LandAmerica OneStop,

10  Inc. ("LandAmerica") recorded a notice of default with respect to

11  the first loan.  (Id. ¶ 58.)  The notice of trustee's sale with

12  respect to the first deed of trust on the property was recorded on

13  October 12, 2009, scheduling the sale for October 23, 2009.  (Id.)

14  Plaintiff has no documents verifying that the sale was ever

15  completed.  (Id.)  It further appears that no notice of default or

16  any other foreclosure notices relating to Countrywide's second deed

17  of trust have been recorded.

18      On November 23, 2009, Plaintiff filed a Complaint (#1 Ex. A) in

19  the Third Judicial District Court of the State of Nevada in and for

20  the County of Lyon alleging the following fourteen claims for

21  relief: (1) Violation of Unfair Lending Practices, N.R.S. §

22  598D.100; (2) Conspiracy to Commit Fraud and Conversion; (3)

23  Permanent Injunction; (4) Declaratory Relief; (5) Wrongful

24  Foreclosure; (6) Fraud Through Omission; (7) Quiet Title; (8)

25  Contractual Breach of the Duty of Good Faith and Fair Dealing; (9)

26  Tortuous [sic] Breach of the Duty of Good Faith and Fair Dealing;

27  (10) Civil Conspiracy; (11) Racketeering (NRS 207.470); (12) Unjust

28                               2

1  Enrichment; (13) Conspiracy to Commit Fraud Related to MERS System;

2  and (14) Fraud in the Inducement.  In connection with the Complaint,

3  Plaintiff recorded a lis pendens on the property.

4      On March 26, 2010, all of Plaintiff's claims related to the

5  formation and/or operation of the MERS system were transferred to

6  the MERS Multidistrict Litigation Court (the "MDL court").  On March

7  21, 2011, the MDL Court issued an order (#49) clarifying that the

8  parts of Plaintiff's claims 1, 3, 4, and 10-12 unrelated to the

9  formation and/or operation of MERS were remanded to this Court.

10      On April 4, 2011, Plaintiff filed a Motion to Certify State Law

11  Question to the Nevada Supreme Court (#53).  On April 26 and April

12  28, 2011, Defendants responded (##61, 63).

13      On April 5, 2011, Defendants filed their Motions to Dismiss

14  (##54, 55).  Plaintiff responded (#59) on April 24, 2011.

15  Defendants replied (##64, 65) on May 4, 2011.

16      Plaintiff filed a Motion for Leave to File an Amended Complaint

17  (#66) on May 7, 2011.  Defendant MetLife responded (#72) on June 1,

18  2011, and Defendants Bank of America, Countrywide, First Horizon,

19  and John Roussel responded (#75) on June 6, 2011.  Plaintiff replied

20  (#76) on June 16, 2011.

21

22  **II. Plaintiff's Motion for Leave to File an Amended Complaint (#66)**

23      **A. Legal Standard**

24      Pursuant to Federal Rule of Civil Procedure 15(a), leave to

25  amend is to be "freely given when justice so requires."  In general,

26  amendment should be allowed with "extreme liberality."  Owens v.

27  Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001)

28

3

1  (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074,

2  1079 (9th Cir. 1990)).  However, if factors such as undue delay, bad

3  faith, dilatory motive, undue prejudice, or futility of amendment

4  are present, leave to amend may properly be denied in the district

5  court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

6  1048, 1051-52 (9th Cir. 2003).  The futility analysis determines

7  whether the proposed amendment would survive a motion to dismiss

8  pursuant to Rule 12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d

9  209, 214 (9th Cir. 1988).

10      **B. Discussion**

11      Plaintiff's proposed amended complaint (#66 Ex. 1) alleges the

12  following nine causes of action: (1) Debt Collection Violations; (2)

13  Violation of Unfair and Deceptive Trade Practices Act; (3) Violation

14  of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of the

15  Covenant of Good Faith and Fair Dealing; (5) Violation of NRS

16  107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement

17  and Through Omission; (8) Slander of Title; (9) Abuse of Process.

18      At the outset, the Court notes that many of the claims in the

19  proposed amended complaint are already present in the original

20  complaint.  For this reason, amendment is not necessary to include

21  Plaintiff's third through seventh causes of action.  Accordingly,

22  the Court denies leave to amend to add those claims.  The Court now

23  addresses the first, second, eighth, and ninth claims in the

24  proposed amended complaint in turn.

25      1. Debt Collection Violations

26      Granting Plaintiff leave to plead an additional claim for

27  unauthorized debt collection would prove futile.  Liability under

28                                      4

1  Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on

2  liability under the federal Fair Debt Collection Practices Act

3  ("FDCPA").   Nev. Rev. Stat. § 649.370.   At the threshold of such a

4  claim, Plaintiff must establish that Defendants are debt collectors

5  within the meaning of the FDCPA.   However, the FDCPA's definition of

6  "debt collector" does not "include the consumer's creditors, a

7  mortgage servicing company, or any assignee of the debt, so long as

8  the debt was not in default at the time it was assigned." Croce v.

9  Trinity Mortg. Assur. Corp., No. 2:08-CV-01612, 2009 WL 3172110, at

10 *2 (D. Nev. Sept. 28, 2009) (citing S. Rep. No. 950382, at 3

11 (1977)).   Furthermore, foreclosure pursuant to a deed of trust does

12 not constitute debt collection under the FDCPA.   Fitzgerald v.

13 Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502, at *5 (D.

14 Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No.

15 3:10-cv-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see

16 also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal.

17 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or.

18 2002).   For these reasons, the FDCPA and the corresponding Nevada

19 debt collection statutes do not apply to Defendants.   Plaintiff will

20 therefore be denied the opportunity to include a claim for

21 unauthorized debt collection due to futility.

22       2. Violation of Unfair and Deceptive Trade Practices Act

23       Plaintiff's proposed second claim for relief pursuant to NRS

24 § 598.0923 also fails.   Under the statute, a person engages in

25 deceptive trade practices when, in the course of his or her business

26 or occupation, he or she knowingly conducts the business or

27 occupation without all required state, county, or city licenses.

28                                  5

However, the statutes explicitly state that the following activities
do not constitute "doing business" in the State of Nevada: (1)
maintaining, defending or settling any proceeding; (2) creating or
acquiring indebtedness, mortgages, and security interests in real or
personal property; and (3) securing or collecting debts or enforcing
mortgages and security interests in property securing the debts.
Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are
explicitly exempt from acquiring licenses in this mortgage case,
Plaintiff will be denied leave to amend due to futility.

　　3. Slander of Title

　　As her eighth claim for relief in the proposed amended
complaint, Plaintiff alleges that Defendants slandered Plaintiff's
title by recording the notice of default under the first deed of
trust.  To succeed on a slander of title claim, the plaintiff must
show "false and malicious communications, disparaging to one's title
in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor
Title Co., 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiff has
failed to state a claim because it is undisputed that Plaintiff is
in default.  See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011
WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to
state a claim because it is undisputed that Plaintiffs are in
default."); Ramos v. Mortg. Elec. Registrations Sys., Inc., No.
2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009)
(dismissing slander of title claim where Plaintiffs failed to
dispute that they were in default on their loan, nor was it false
that the property was to be sold at a trustee's sale).  In filing
the notice of default, Defendants stated that Plaintiffs were in

breach of the loan agreement due to nonpayment.  (Defs.' Mot. Dismiss (#55) Ex. K.)[1]  Again, Plaintiff does not dispute that she is in fact in default.  Because the statement is not false, Defendants cannot be liable for slander of title.  Leave to amend to include a slander of title claim will therefore be denied as futile.

### 4. Abuse of Process

Amendment to include Plaintiff's proposed additional claim for abuse of process would prove futile because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort because it does not involve judicial action.  Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted).  Accordingly, the Court finds that amendment to add a claim for abuse of process would be futile.

Plaintiff's Motion (#66) must therefore be denied in its entirety.  Amendment is not necessary to include a number of Plaintiff's claims because they appear in the original complaint.  Amendment to allow the other proposed claims would prove futile for the reasons stated above.  Having resolved Plaintiff's Motion for

---

[1] The Court takes judicial notice of the public records produced by Defendants pursuant to Federal Rule of Evidence 201.

7

Leave to File Amended Complaint (#66), the Court now turns to Defendants' motions (##54, 55) to dismiss the original complaint.

### III. Defendants' Motions to Dismiss (##54, 55)

#### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly,

"[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Rule 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Federal Rule of Evidence 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to

reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

The Court again notes that Plaintiff's second, fifth, sixth, seventh, eighth, ninth, thirteenth, and fourteenth claims for relief have been transferred to the MDL court.  The Court now addresses the claims that remain within our jurisdiction, and only those parts unrelated to the formation and/or operation of MERS, per the MDL Court's order (#49).

1. Violation of Unfair Lending Practices, N.R.S. 598D.100

Plaintiff's first cause of action against Defendants MERS and First Horizon for violation of Nevada's Unfair Lending Practices Act is time-barred.  The statute of limitations for "[a]n action upon a liability created by a statute" is three years.  NEV. REV. STAT. § 11.190(3)(a).  Plaintiff obtained the first and second loans in November 2005 and filed the complaint (#1 Ex. A) in November 2009. (Compl. ¶ 28 (#1 Ex. A).)  Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed.

2. Civil Conspiracy

Plaintiff asserts a cause of action for civil conspiracy as her tenth claim for relief.  Plaintiff alleges that Defendants entered into a conspiracy to eject Nevadans from their homes.  (Compl. ¶ 110 (#1 Ex. A).)  Plaintiff asserts in her response (#59) that she has abandoned her claim for civil conspiracy.  (Pl.'s Opp'n Mot. Dismiss at 10 (#59).)  In accord with Plaintiff's affirmative abandonment

10

and Local Rule 7-2(d)[2], the Court dismisses Plaintiff's claim for civil conspiracy.

In any event, the Court notes that Plaintiff has failed to state a claim for civil conspiracy upon which relief can be granted. To state a claim for civil conspiracy under Nevada law, a Plaintiff must allege (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." Lalatag v. Money First Fin. Servs., Inc., No. 2:09-cv-02268, 2010 WL 2925875, at *2 (D. Nev. July 20, 2010) (citing GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev. 2001)).  Furthermore, a claim for civil conspiracy must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v. Wheat, 591 F. Supp. 141, 144 (D. Nev. 1984).  Here, Plaintiff fails to plead either element of a civil conspiracy claim, let alone with particularity as to each Defendant's alleged participation.  Plaintiff's claim must be dismissed.

3. Racketeering (NRS 207.470)

Like her claim for civil conspiracy, Plaintiff asserts in her opposition that she has abandoned her eleventh cause of action for racketeering.  (Pl.'s Opp'n Mot. Dismiss at 10 (#59).)  In accord with Plaintiff's affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiff's claim for racketeering.  In any event, the Court finds that Plaintiff's complaint fails to state a claim for racketeering because a plaintiff must plead such a claim with specificity.  Eastwood v. Lehman Bros. Bank, FSB, No. 3:09-cv-00656,

---

[2] Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

2010 WL 2696479, at *2 (D. Nev. July 2, 2010) (citing <u>Asphalt Prods.</u> <u>Corp. v. All Star Ready Mix</u>, 898 P.2d 699, 700 (Nev. 1995). "That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted." <u>Eastwood</u>, 2010 WL 2696479, at *2 (citing <u>Asphalt Prods</u>, 898 P.2d at 700). Here, Plaintiff merely alleges that "Defendants engaged in racketeering . . . via the predatory and abusive lending practices described herein, and the repeated failure to disclose such - both relative to Plaintiff and others." (Compl. ¶ 114 (#1 Ex. A).) Plaintiff's one conclusory allegation falls far short of what is required to state a claim for racketeering pursuant to Nevada law.

        4. Unjust Enrichment

        In her twelfth claim for relief, Plaintiff asserts that "Defendants have been unjustly enriched by receiving payments on the risky, volatile mortgage loan which was designed to reap inordinate profits for Defendants and to ultimately fail." (Compl. ¶ 119 (#1 Ex. A).) However, Plaintiff has also affirmatively abandoned her claim for unjust enrichment. (Pl.'s Opp'n Mot. Dismiss at 10 (#59).) In accord with Plaintiff's affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiff's claim for unjust enrichment. In any event, Plaintiff's claim for unjust enrichment fails anyway because under Nevada law, there can be no action for unjust enrichment where there is an express, written contract. <u>Leasepartners Corp. v. Robert L. Brooks Trust</u>, 942 P.2d 182, 187 (Nev. 1997); <u>see</u> <u>also</u> <u>Lipshie v. Tracy Inv. Co.</u>, 566 P.2d 819, 824 (Nev. 1977) ("To permit recovery by quasi-contract where a written

12

agreement exists would constitute a subversion of contractual principles."). Plaintiff bases her claim for unjust enrichment on "the terms of the Note and Deed of Trust executed by Plaintiff" and "mortgage loan documents." (Compl. ¶¶ 117-18 (#1 Ex. A).) In other words, Plaintiff bases her claim for unjust enrichment on express, written contracts. Plaintiff's claim therefore fails as a matter of law.

### 5. Permanent Injunction and Declaratory Relief

Plaintiff asserts claims for a permanent injunction and declaratory relief as her third and fourth claims for relief, respectively. However, injunctive and declaratory relief are remedies, not independent causes of action. In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Both of these claims are derivative of Plaintiff's other substantive claims, which all fail. Accordingly, Plaintiff's third and fourth claims for relief must also be dismissed.

### IV. Plaintiff's Motion to Certify State Law Question to the Nevada Supreme Court (#53)

Plaintiff has filed a motion (#53) pursuant to Nevada Rule of Appellate Procedure 5(a) to certify the following question of state law to the Nevada Supreme Court:

> Under the Nevada nonjudicial foreclosure statute,[3] when a Notice of Default is recorded by a Trustee or other purported agent of the beneficiary *prior* to the recording of a document appointing that Trustee or purported agent, is the resulting foreclosure invalid so as to require at least one additional document to be recorded to correct the foreclosure process?

---

[3] NRS 107.080, et seq.

13

(Pl.'s Mot. Certify at 2 (#53) (emphasis and footnote in original).)
Nevada Rule of Appellate Procedure 5(a) provides that the Nevada
Supreme Court may answer questions of law certified to it by a
United States District Court if there are "questions of law of this
state which may be determinative of the cause then pending . . . and
as to which it appears to the certifying court there is no
controlling precedent."

     The Court finds that Plaintiff's question of state law is not
determinative of any part of this case.  Plaintiff's question is not
at all relevant to the claims that remain within the jurisdiction of
this court.  Moreover, Plaintiff does not allege a violation of NRS
§ 107.080 anywhere in the Complaint (#1 Ex. A), not even in her
claim for wrongful foreclosure, which remains with the MDL court.
Accordingly, certification of Plaintiff's question will have no
impact on this litigation.  Certification is therefore inappropriate
in this case and Plaintiff's Motion to Certify (#53) must be denied.


                           **V. Conclusion**

     The Court has analyzed each of Plaintiff's claims that remain
in our jurisdiction and found that they all must be dismissed.
Furthermore, because the Court also denies Plaintiff's motion (#66)
to amend the complaint for reasons of futility, Plaintiff will not
be granted leave to amend, and Plaintiff's claims are dismissed with
prejudice.  Finally, the Court finds that certification of
Plaintiff's question to the Nevada Supreme Court would be

                                  14

inappropriate as the question is not determinative of any part of this case.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#66) for leave to file amended complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant MetLife's motion (#54) to dismiss and Defendants' Bank of America, Countrywide, First Horizon, and John Roussel's motion (#55) to dismiss are **GRANTED**.   All of Plaintiff's claims remaining within our jurisdiction are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify State Law Question to the Nevada Supreme Court (#53) is **DENIED**.

DATED: October 19, 2011.

_____
UNITED STATES DISTRICT JUDGE

15